UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID ADLER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-1403** |
| **DONALD PAUL BELL, M.D.,** *ET AL.* | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS ORDERED** that the Motions to Dismiss and/or for Summary Judgment filed by defendants Louisiana Patient's Compensation Fund and Dr. Donald Bell (Documents 9 and 14) are hereby **DENIED.**

**A.   Background.**

On August 12, 2003, Dr. Donald Bell performed surgery on Denise Versoy. On August 9, 2004, Versoy wrote to the Louisiana Commissioner of Administration, Medical Review Panel Section, and requested that a medical review panel be formed to consider whether Dr. Bell's removal of her kidney during surgery constituted malpractice, stating:

> I request that a medical review panel be formed to consider my medical and surgical treatment on or about August 12, 2003 by Dr. Donald Bell. After a mass in my right

1

>kidney was recognized on a CT scan, Dr. Bell elected to remove the entire kidney without a biopsy to determine whether or not the mass was malignant.  No attempt to spare the non-involved part of the kidney was made.  Postoperatively, the mass was found to be benign.

On August 24, 2004, the Louisiana Patient's Compensation Fund (PCF) notified Versoy that she was required to pay a $100.00 filing fee within 45 days, or provide a physician's affidavit or *in forma pauperis* ruling to obtain a waiver of the fee.  Versoy did not pay the filing fee or request a waiver.

On September 27, 2004, Versoy filed a Chapter 7 Bankruptcy Petition.  On October 18, 2004, Versoy wrote to the PCF and indicated that she wished to dismiss her proceeding against Dr. Bell with prejudice as to all parties.  On November 4, 2004, the PCF notified her that because she had failed to pay the filing fee, her claim was no longer under consideration.

The trustee of Versoy's bankruptcy estate, David Adler, commenced this action on February 17, 2005, and thereafter paid the $100.00 filing fee to the PCF.  Adler alleges two causes of action.  First, Adler alleges that Versoy's interest in the suit against Bell was property of the estate under 11 U.S.C. § 541, and that the October 18, 2004 dismissal of the suit by Versoy was an "unauthorized distribution" of the property of the estate that is invalid under 11 U.S.C. § 549(b).  Second, Adler alleges that Bell and the PCF must "reinstate " the claim under 11 U.S.C. § 542.  The PCF and Bell have moved to dismiss Adler's suit.

**B.     Analysis.**

Under 11 U.S.C. § 541, the filing of a bankruptcy petition creates a bankrupt estate, which is comprised of "all legal and equitable interests of the debtor in property as of commencement of the case."  "A debtor's pre-petition rights in property, such as a cause of action, are determined according to state law."  *In re Segerstrom*, 247 F.3d 218, 224 (5th Cir.

2001).  The issue is whether Versoy's cause of action against Dr. Bell had prescribed before she filed her bankruptcy petition.

Under Louisiana law a medical malpractice cause of action prescribes one year from the date of the act, omission, or neglect constituting the alleged malpractice, or one year from the date of discovery of the act of malpractice.  LSA-R.S. 9:5628.  The trustee argues that the discovery rule may apply.  Under Louisiana law:

> "[T]he date of discovery for determining when prescription commences under the discovery rule is 'when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort.'"  The test for determining sufficient knowledge is:
>
>> [W]hether the cause of action was known or reasonably 'knowable' by plaintiff . . . .  When a plaintiff has knowledge of facts strongly suggestive that the untoward condition or result may be the result of improper treatment and there is no effort by the health care providers to mislead or cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the facts and cause of action are reasonably knowable to plaintiff.

*In re Medical Review Panel Claim of Diana Scott*, 2006 WL 118942 (La. App. 5th Cir. Jan. 17, 2006).  If Versoy obtained actual or constructive knowledge that she was the victim of a tort within one year of filing her bankruptcy petition, a malpractice suit on her behalf has not prescribed.  11 U.S.C. § 108(a) provides:

> (a)  If applicable nonbankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of  –
>
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>>
>> (2) two years after the order for relief.

Under § 108(a) the time within which the trustee had to file suit was extended until the later of

the end of the one-year period or two years after the "order for relief," *i.e.,* the September 27, 2004 filing of the bankruptcy petition.  *See* 11 U.S.C. § 301(commencement of a voluntary bankruptcy case constitutes an "order for relief").  Accordingly, if the discovery rule applies, Versoy's cause of action has not prescribed, and the trustee may take the necessary steps to commence or continue proceedings before the PCF.

The record reflects that the parties have performed no discovery in connection with this issue, and the court finds that dismissal is inappropriate under either Rule 12(b)(6) or Rule 56.

**C.    Conclusion.**

Defendants' motions to dismiss and/or for summary judgment are denied.

New Orleans, Louisiana this  29th  day of March, 2006.

_____
**Mary Ann Vial Lemmon**
**United States District Judge**